UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CLYDE ROGERS**                                                                      **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 1:06cv49**

**LEGGETT & PLATT, GARY PACE,
BILL BRANIGAN & RICHARD PATE**        **DEFENDANTS**

ORDER

This cause comes before the court on the motion of plaintiff Clyde Rogers, pursuant to 28 U.S.C. § 1447, to remand **[11-1]** this case to the County Court of Lee County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is a slander action filed by plaintiff Clyde Rogers arising out of false and defamatory statements allegedly made against him by his defendant co-workers. Plaintiff originally filed this action in the County Court of Lee County, and the case was removed to this court on March 3, 2006. In asserting that diversity jurisdiction exists in this case, defendants argue that no reasonable possibility of recovery exists against the non-diverse defendants Gary Pace, Bill Branigan and Richard Pate and that, as such, these defendants should be dismissed from this action upon a finding of fraudulent/improper joinder. The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson*

*v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In arguing that the non-diverse defendants were fraudulently joined in this case, defendants' task is made considerably more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004). A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. It is accordingly plain, in

2

light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to a plaintiff's allegations than had commonly been assumed.

Considered in the context of this permissive standard, the court concludes that defendants have failed to demonstrate that no reasonable possibility of recovery exists against the non-diverse defendants in this case. In the court's view, plaintiff clearly asserts slander claims against the three non-diverse defendants in his complaint. Specifically, plaintiff alleges that these defendants, who are his co-workers at Tupelo Fiber, spread false rumors that he had engaged in sexual intercourse with his co-worker Petra Fears on the work premises. Defendants argue that the complaint in this case lacks specificity, but it is well established that a dismissal with prejudice on finding of fraudulent joinder is a disproportionate remedy for a lack of specificity in a complaint. *See, e.g. Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (holding that permitting a plaintiff to amend his complaint to make more specific allegation is the appropriate remedy in cases involving a non-specific complaint). Defendants also attempt to argue that the proof in this case does not support plaintiff's slander claims, but, to reiterate, the post-*Smallwood* fraudulent joinder standard is largely a pleadings-based inquiry, and this court may not weigh the facts of this case in the manner urged by defendants. The court therefore concludes that defendants have failed to establish that no reasonable possibility of recovery exists against the non-diverse defendants in this case, and diversity of citizenship is accordingly lacking.

It is therefore ordered that plaintiff's motion to remand [11-1] is granted, and this case is hereby remanded to the County Court of Lee County. Plaintiff's request for attorney's fees is denied.

SO ORDERED, this 17th day of November, 2006.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**