**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

CLYDE ROGERS                                                      PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:06cv49

LEGGETT & PLATT, GARY PACE,
BILL BRANIGAN & RICHARD PATE                          DEFENDANTS

## ORDER

Defendants have filed a motion seeking for this court to reconsider its order remanding this case. In so moving, defendants take issue with this court's finding that

> In the court's view, plaintiff clearly asserts slander claims against the three non-diverse defendants in his complaint. Specifically, plaintiff alleges that these defendants, who are his co-workers at Tupelo Fiber, spread false rumors that he had engaged in sexual intercourse with his co-worker Petra Fears on the work premises.

Defendants argue that the complaint makes no such allegations, but the court does not agree. Specifically, the complaint alleges, *inter alia*, that (non-diverse defendant) "Gary Pace told Bill Branigan that Jermaine Jones had seen Clyde Rogers having sex with ... Fears in the warehouse." The complaint further alleges that the "defendants either knowingly allowed false statements concerning plaintiff Rogers having sex with Petra Fears to be spread throughout the plant or acted with reckless disregard as to the truth or falsity of the information they allowed to be spread throughout the plant." Plaintiff also alleges that "(d)uring a subsequent investigation, plaintiff Rogers told Richard Pate that he and Petra Fears had never had sex and that the accusation that they

1

had been seen having sex in the warehouse was being made against him because Gary Pace and Bill Branigan were trying to get him fired so Ed Buggs could have his job on the day shift."

Thus, while the complaint does not allege that the non-diverse defendants were the original source of the rumor in question, it does allege that these defendants, in their capacities as managers, either spread or allowed to be spread rumors which they knew to be false. The complaint further provides an alleged improper motivation for these actions, namely that defendants Pace and Branigan were trying to get plaintiff fired so that Ed Buggs, who is alleged to be a friend of these defendants, could obtain plaintiff's job. In the court's view, the latter allegation is significant in that it would arguably establish fact issues regarding whether defendants exceeded any good faith privilege which they might enjoy as managers to report allegations of improper conduct on the part of employees. Moreover, the allegations also raise the question as to whether one or more defendants might have at least negligently republished defamatory rumors which they either knew or should have known were false. Clearly, a showing of negligence would be sufficient to establish a possibility of recovery for defamation in an action brought by a plaintiff, such as Rogers, who is not a public figure.

It is true that the complaint in this case is less than specific in many respects, but the court must emphasize that a dismissal of a particular non-diverse defendant with prejudice upon a finding of fraudulent joinder is an extraordinarily harsh remedy. By entering such a dismissal at the inception of litigation, this court would preclude plaintiff from exercising many of the procedural mechanisms which are available to him under the rules of civil procedure, such as using the

discovery rules to "put meat on the bones" of his complaint,[1] or using the liberal amendment of pleading rules to set forth more specific allegations. It is true that, in some cases, the allegations against a non-diverse defendant are so plainly lacking in merit that it becomes clear that they are raised solely for the purpose of defeating federal jurisdiction. This is not such a case, however. While it may well develop that, following discovery, plaintiff will be unable to survive summary judgment motions filed by the non-diverse defendants herein, the court is unable to conclude at this juncture that no possibility of recovery exists against these defendants under the liberal *Smallwood* standard. The motion for reconsideration will therefore be denied.

It is therefore ordered that defendants' motion for reconsideration [38-1] is denied. The clerk of the court is directed to return the file in this matter to the County Court of Lee County.

SO ORDERED, this 28th day of November, 2006.

                                                   **/s/ Michael P. Mills**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[1] The Fifth Circuit in *Smallwood* suggested that remand-discovery should only be allowed by federal courts in exceptional situations, but the court did not elaborate upon what circumstances might justify such discovery. It seems likely, however, that remand-related discovery is not to be employed in place of the general discovery permitted as a mater of course in any litigation.